UNITED STATES of America,
Appellee,

v.

Yoleine KHAWLY, and Rose Regina Moise, Defendants,

Marie Sylvestre, Defendant–Appellant.

No. 03–1491.

United States Court of Appeals,
Second Circuit.

March 10, 2006.

Tina Schneider (John H. Jacobs and Stefanie V. Plaumann, New York, NY, on the brief), Portland, ME, for Appellant.

Bryan J. Rose (Jo Ann M. Navickas, on the brief) Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney of the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Marie Sylvestre appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, *Judge*), following her conviction for health care fraud and conspiring to commit health care fraud, in violation of 18 U.S.C. §§ 371 and 1347. We assume familiarity with the underlying facts and procedural history.

Appellant essentially raises three issues on appeal. First, she contends that her sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Second, she challenges the District Court's guidelines computation. Finally, she argues that her conviction was tainted when the prosecutor commented on her failure to testify.

■ With respect to the first issue, Sylvestre argues that her sentence was unconstitutional because it was based on the court's belief that the Sentencing Guidelines were mandatory. *Booker* held that "a sentencing judge violates the Sixth Amendment by finding facts and *mandatorily* using them to enhance a sentence above the Guidelines range that would have been based solely on facts found by the jury." *United States v. Williams*, 399 F.3d 450, 453 (2d Cir.2005) (emphasis in original). Accordingly, on remand, the District Court should sentence defendant consistent with *Booker*.

Before remanding, we address Sylvestre's objections to the District Court's application of the Sentencing Guidelines. Sylvestre's sentence of five months was based on an adjusted offense level of 12 and a criminal history category of I. The court calculated the offense level as follows. Starting with the base offense level of six for health care fraud and conspiracy to commit health care fraud, *see* U.S.S.G. § 2B1.1(a), the District Court, adopting the findings of the Presentence Report, found that Sylvestre's conduct caused a loss of approximately $27,439.06, warranting a four-level increase, *see* U.S.S.G. § 2B1.1(b)(1)(C). The District Court then increased the offense level by an additional two levels because Sylvestre supervised her co-defendants, *see* U.S.S.G. § 3B1.1(c), resulting in a final adjusted offense level of 12.

■ Sylvestre contends that she was responsible for an actual loss of $990, not the intended loss of $27,439.06 (which was the total amount of false claims submitted to the insurance company). Sylvestre contends that, because the District Court held her responsible for the intended loss, it erred in not granting her a three-level reduction for an incomplete crime pursuant to U.S.S.G. § 2X1.1(b)(2). The District Court denied this reduction because it believed that § 2X1.1 cannot apply with § 2B1.1. Tr. of Sentencing Hr'g, June 5, 2003, at 9 ("If you read the beginning of 2X1.1, it says attempt, solicitation, or conspiracy not covered by a specific offense guideline, and I agree with the government that this is covered by a specific offense guideline. So I am declining to award three-point reduction pursuant to 2X1.1."). But § 2B1.1 does not prevent the application of § 2X1.1.

Guideline § 2X1.1 begins with the caption "Attempt, Solicitation, or Conspiracy (Not Covred by a Specific Offense Guideline)." The caption, however, is modified by the directions of Section § 2B1.1 that lead to the use of Section § 2X1.1 in an inchoate offense. U.S.S.G. § 2B1.1 Application Note 2. Application Note 1 to U.S.S.G. § 2X1.1 lists "[o]ffense guidelines that expressly cover attempts," and this list does not include § 2B1.1. Further, § 2X1.1 provides that "[i]n the case of a partially completed offense ... the offense level is to be determined in accordance with the provisions of § 2X1.1" rather than § 2B1.1. U.S.S.G. § 2B1.1 Application Note 2; *see also* U.S.S.G. § 2X1.1 Application Note 4. Under § 2X1.1(b), in computing the offense level for an attempted offense, the District Court should apply the appropriate base offense level for the substantive offense, and decrease it by three levels, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." Thus, on remand, the District Court should evaluate whether Sylvestre is entitled to this reduction.

■ We have considered all of Sylvestre's contentions on appeal regarding the prosecutor's comments and have found them to be unreviewable because they were not preserved. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Mellon Bank, N.A. v. United Bank Corp.*, 31 F.3d 113, 116 (2d Cir.1994).

For the foregoing reasons, we AFFIRM the conviction and REMAND to the District Court with instructions to vacate defendant's sentence, and conduct resentencing consistent with *Booker* and this order.